Not Intended for Print Publication

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **SHARON ELLEN ARNOLD**, | ) |
| Plaintiff, | ) Case No. 1:04CV00131 |
| v. | ) **OPINION** |
| **METROPOLITAN LIFE INSURANCE COMPANY**, | ) By: James P. Jones<br>) Chief United States District Judge |
| Defendant. | ) |

*E. Gay Leonard, Abingdon, Virginia, for Plaintiff; Eric W. Schwartz, Troutman Sanders LLP, Virginia Beach, Virginia, for Defendant.*

The issue presented in this ERISA case is whether the plaintiff timely filed this lawsuit seeking long-term disability benefits. Based on the record, I find that the action is barred by the applicable limitation period. Therefore, I must grant the defendant's motion for summary judgment.

## *I. Background.*

The plaintiff Sharon Ellen Arnold was employed by Bristol Compressors, Inc., beginning on January 30, 1992. Pursuant to her employment, Arnold enrolled in an employee welfare benefit plan ("Plan") sponsored by Bristol Compressors and

underwritten by Metropolitan Life Insurance Company ("MetLife"). The Plan included long-term disability benefits. On March 19, 1995, the plaintiff ceased work with Bristol Compressors due to diagnosis of an unspecified connective tissue disease. The plaintiff applied for long-term disability benefits in early 1995 and began receiving them on September 16, 1995.

In a letter dated January 25, 2001, MetLife notified the plaintiff that her long-term disability benefits would be terminated effective January 31, 2001, because, after a review of her medical record, she no longer met the Plan requirements for receipt of benefits. In order to receive long-term disability benefits under the Plan, covered employees must meet the following definition of "disabled":

> [D]ue to an Injury or Sickness, you require the regular care and attendance of a Doctor and:
>
> 1. you are unable to perform each of the material duties of your regular job; and
>
> 2. after the first 12 months of benefit payments, you must also be unable to perform each of the material duties of any gainful work or service for which you are reasonably qualified taking into consideration your training, education, experience and past earnings; or
>
> 3. you, while unable to perform all of the material duties of your regular job on a full-time basis, are:
>
>    (a) performing at least one of the material duties of your regular job or any other gainful work or service on a part-time or full-time basis; and

> (b) earning currently at least 20% less per month than your Indexed Basic Monthly Earnings due to that same Injury or Sickness.

(Plan 5).

In its letter, MetLife informed the plaintiff that she no longer met the definition of disabled as specified by the Plan, and that her medical record no longer supported her inability to perform any occupation. The letter also informed the plaintiff of her right to appeal and provided her with sixty days in which to submit any additional information or medical documentation regarding her condition. Arnold submitted no additional information or documentation.

On March 28, 2001, the plaintiff administratively appealed the termination of benefits. MetLife acknowledged the plaintiff's appeal on March 29, 2001, and offered her until April 18, 2001, to submit any additional information supporting her claim. The plaintiff provided no additional information or documentation. On May 25, 2001, having reviewed the plaintiff's medical records anew, MetLife dismissed the plaintiff's appeal and upheld its denial of her benefits via a letter that included details regarding its analysis of the plaintiff's claim. On June 13, 2001, MetLife sent Arnold's attorney a copy of the plaintiff's file and the Plan documents. The present lawsuit was not filed until November 30, 2004.

Arnold's cause of action arises under the provisions of the Employee Retirement

Income Security Act of 1974, 29 U.S.C.A. §§ 1001-1461 (West 1999 & Supp. 2005) ("ERISA"). This court has jurisdiction over her case pursuant to 29 U.S.C.A. § 1132(f) (West 1999 & Supp. 2005). On August 1, 2005, the defendant filed, under seal, the administrative record of its decision to deny benefits. I ordered the plaintiff to file a brief within fifteen days after the administrative record was served upon her. The plaintiff's lawyer failed to file a brief. The defendant's motion for summary judgment, filed on August 29, 2005, is presently before the court. The plaintiff has failed to respond to my subsequent order that she respond to the defendant's motion within fourteen days.[1] Because neither party has requested oral argument, the case is ripe for decision.

## II. Analysis.

MetLife asserts as an affirmative defense that Arnold's claim is time-barred by the three-year limitation period set out in the Plan documents. ERISA does not itself provide a statute of limitation applicable to the present claim. *Shofer v. Hack Co.*, 970

---

[1] While Fed. R. Civ. P. 41(b) permits a district court to dismiss an action with prejudice for failure to comply with an order of the court, the Fourth Circuit has counseled that dismissal is a harsh sanction used only in "extreme circumstances," particularly in cases where, as here, the party may not be responsible for the actions of her attorney. *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974). In deciding whether to dismiss a case, I must balance the power to prevent delay with a sound public policy toward disposing of cases on their merits. *Id*. Dismissal pursuant to Fed. R. Civ. P. 41(b) is therefore not appropriate in this case.

-4-

F.2d 1316, 1319 (4th Cir. 1992). In the absence of an ERISA-mandated limitation period, courts look generally to state law for the most analogous limitation provision. *Dameron v. Sinai Hospital of Baltimore, Inc.*, 815 F.2d 975, 981 (4th Cir. 1987). Further, contractually agreed-upon limitation periods, even when different from state law requirements, are permitted where reasonable. *Koonan v. Blue Cross & Blue Shield of Va.*, 802 F. Supp. 1424, 1425 (E.D. Va. 1992) (upholding one-year plan-established limitation period). Thus, a provision in an ERISA policy setting a limitation period is enforceable so long as it is reasonable.

In this case, the Plan itself sets forth a reasonable and enforceable limitation period. The Plan expressly provides that "[n]o law suit may be started more than 3 years after the time proof must be given." (Plan 14). Contractually-created limitation periods of less than three years have been upheld as reasonable and enforceable. *See Koonan*, 802 F. Supp. at 1425. Further, the Virginia statutes mandating the terms of accident and sickness insurance policies require a three-year limitation period. Va. Code Ann. §§ 38.2-3503, -3540 (Michie 2002). Thus, I find that the three-year limitation period set out by the Plan is reasonable and enforceable.

After a careful review of the record, I find that more than three years have elapsed since the plaintiff was required to submit proof of her claim as required by the Plan. MetLife initially denied the plaintiff's benefits on January 31, 2001, a decision

which the plaintiff's counsel appealed on March 28, 2001. On March 29, 2001, MetLife gave the plaintiff until April 18, 2001, to submit additional proof that she was entitled to continue to receive long-term disability benefits. The plaintiff filed this action on November 30, 2004, more than three years after she was required to submit proof of her claim for continued benefits. Therefore, I find that her claim is time-barred by the Plan's limitation period. Further, even if Arnold were to assert that her claim for benefits was not final until May 25, 2001, when it was finally denied, pursuant to ERISA's requirement of exhaustion of administrative remedies,[2] her Complaint was still filed more than three years later. Thus, I must grant the defendant's motion for summary judgment. Because I find that the plaintiff's cause of action is time-barred, I need not reach the merits of her claim seeking long-term disability benefits.

### III. Conclusion.

Because the plaintiff's action was not timely filed with this court, I must grant

---

[2] While ERISA does not contain an explicit exhaustion requirement, ERISA claimants are generally required to exhaust all remedies available under the plan before they may gain access to federal courts. This requirement rests on the Act's structure and text, in addition to a strong federal interest in encouraging private resolution of ERISA disputes. *See* 29 U.S.C.A. § 1132 (West 2002); *Makar v. Health Care Corp.*, 872 F.2d 80, 82 (4th Cir. 1989).

the defendant's motion for summary judgment.

An appropriate final judgment will be entered.

DATED: October 5, 2005

/s/ JAMES P. JONES
Chief United States District Judge